ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
DAVID L. KIRMAN (Cal State Bar No.: 235175)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-4442
    Facsimile: (213) 894-2387
    E-mail: david.kirman@usdoj.gov

JENNIFER SHASKY CALVERY, Chief
MATTHEW KLECKA, Trial Attorney
Asset Forfeiture and Money Laundering Section
Criminal Division, U.S. Department of Justice
    1400 New York Avenue, N.W.
    Washington, DC 20530
    Telephone: (202) 307-1309
    Facsimile: (202) 616-2547
    E-mail: matthew.klecka@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR No. <u>12-00559-DMG</u> |
|     Plaintiff, | )<br>) <u>PLEA AGREEMENT FOR DEFENDANT</u><br>) <u>AAA CASH ADVANCE, INC.</u> |
|       v. | )<br>) |
| AAA CASH ADVANCE, INC., | )<br>) |
|     Defendant. | )<br>)<br>) |

    1.   This constitutes the plea agreement between AAA CASH ADVANCE, INC. through its corporate representative ("defendant"), the Asset Forfeiture and Money Laundering Section of the Criminal Division of the United States Department of Justice, and the United States Attorney's Office for the Central District of

California ("the Government") in the above-captioned case.  This agreement is limited to the two entities defined as "the Government" above and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

<u>DEFENDANT'S OBLIGATIONS</u>

2.  Defendant agrees to:

a) At the earliest opportunity requested by the Government and provided by the Court, appear and plead guilty to Count 9 contained in the indictment in <u>United States v. AAA Cash Advance, Inc., et al.</u>, CR No. 12-0559-DMG, which charges defendant with: failure to maintain an effective anti-money laundering program, in violation of 31 U.S.C. §§ 5318(h), 5322 and 18 U.S.C. § 2.

b) Not contest facts agreed to in this agreement.

c) Abide by all agreements regarding sentencing contained in this agreement.

d) Appear for all court appearances, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e) Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f) Be truthful at all times with the United States Probation Office and the Court.

g) Pay the applicable special assessments at or before

1 the time of sentencing unless defendant lacks the ability to pay
2 and prior to sentencing submits a completed financial statement
3 on a form to be provided by the Government.

4         h)    In the event that AAA CASH ADVANCE, INC. continues
5 to operate as a financial institution, or continues to own or
6 control a financial institution, from the date of this agreement
7 forward, it shall create and implement an effective anti-money
8 laundering compliance program which, at a minimum, meets all the
9 minimum requirements of 31 C.F.R. § 1022.210.

10         i) To ensure that in the event AAA CASH ADVANCE, INC.,
11 sells, merges or transfers all or substantially all of its
12 business operations as they exist as of the date of this
13 Agreement, whether such sale(s) is/are structured as a sale,
14 merger or transfer, AAA CASH ADVANCE, INC. shall include in any
15 contract for sale, merger or transfer a provision fully binding
16 the purchaser(s) or any successor(s) in interest thereto the
17 obligation described in Paragraph 2, including the obligations
18 with respect to the creation and implementation of an effective
19 anti-money laundering program.

20         j) In addition to any fine imposed by the Court, agree
21 to disgorge $3,012 pursuant to U.S.S.G. § 8C2.9.

22                  THE GOVERNMENT'S OBLIGATIONS
23    3.   The Government agrees to:
24         a) Not contest facts agreed to in this agreement.
25         b) Abide by all agreements regarding sentencing
26 contained in this agreement.
27         c) At the time of sentencing, provided that defendant
28 demonstrates an acceptance of responsibility for the offenses up

3

1  to and including the time of sentencing, recommend a one-level

2  reduction in the applicable Sentencing Guidelines offense level,

3  pursuant to U.S.S.G. § 8C2.5(g)(3).

4                        NATURE OF THE OFFENSE

5       4.   Defendant understands that for defendant to be guilty

6  of the crime charged in Count 9, that is, failure to maintain an

7  effective anti-money laundering program, in violation of 31

8  U.S.C. §§ 5318(h), 5322, and 18 U.S.C. § 2 the following must be

9  true:

10            a)   AAA CASH ADVANCE, INC. was a money service

11  business located in the United States operating as a check

12  casher;

13            b)   Defendant AAA CASH ADVANCE, INC. failed to

14  implement one or more of the following minimal requirements set

15  forth by regulation by the Secretary of the Treasury:

16                 1.   Have an effective written policies,

17                      procedures, and internal controls for one or

18                      more of the following:

19                      i.   Verifying customer identification; or

20                      ii.  Filing reports, such as currency

21                           transaction reports; or

22                      iii. Creating and retaining records; or

23                      iv.  Responding to law enforcement requests;

24                 2.   Designate a person to assure day to day

25                      compliance with the anti-money laundering

26                      program, including assuring that:

27                      i.   The check casher properly files reports,

28                           creates and retains records, in

                                    4

accordance with applicable requirements, such as filing currency transaction reports, and

   ii.  The program is updated as necessary to reflect new requirements; or

3.  Provide education and/or training of appropriate personnel concerning their responsibilities under the program.

c)  Defendant acted willfully in failing to develop, implement, and maintain an effective anti-money laundering program.

## PENALTIES

5.  Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 31 U.S.C. §§ 5318(h), 5322 is: five years probation; a fine of $500,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest per 18 U.S.C. § 3571; and a mandatory special assessment of $400 per 18 U.S.C. § 3013(a)(2)(B).

## FACTUAL BASIS

6.  Defendant and its authorized corporate representative admit that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the Government agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 8 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all

1 facts known to either party that relate to that conduct.

2      Throughout the time period at issue, defendant AAA CASH
3 ADVANCE, INC. ("defendant") operated AAA Cash Advance, a check
4 cashing store located at 1771 West Jefferson Boulevard, Los
5 Angeles, California.  As a check cashing store, defendant was a
6 money service business and financial institution within the
7 meaning of the Bank Secrecy Act ("BSA").  Defendant was engaged
8 in the business of, among other things, cashing checks for other
9 people for currency.  Defendant typically charged a fee for this
10 service.

11      Defendant was aware that the BSA required financial
12 institutions like AAA Cash Advance to file a "Currency
13 Transaction Report" ("CTR") with the Department of Treasury, for
14 any transaction involving more than $10,000 in currency on a
15 single day.  For the purposes of filing a CTR, defendant knew
16 that the BSA required defendant to aggregate multiple currency
17 transactions and treat them as a single transaction if the
18 multiple transactions were by or on behalf of one person and
19 resulted in either cash-in or cash-out totaling more than $10,000
20 during any one business day.

21      In addition, defendant was aware that the BSA required
22 defendant to develop, implement, and maintain an effective anti-
23 money laundering program reasonably designed to prevent defendant
24 from being used to facilitate money laundering.  Defendant also
25 knew that the program was required to have written policies,
26 procedures and controls governing the verification of customer
27 identification, the filing of reports such as CTRs, the creation
28 and retention of records, response to law enforcement requests,

1 and other compliance with BSA requirements, and that defendant
2 was required to have a compliance officer, who was responsible
3 for assuring that the business complied with all BSA
4 requirements.

5        Beginning in or around August 2010, and continuing through
6 in or around February 2012, defendant, through its agent,
7 repeatedly cashed bundles of checks totaling over $10,000 in one
8 business day, knowing that the multiple transactions were by and
9 on behalf of one person, without filing a CTR.  The checks were
10 presented to defendant by an individual who presented himself as
11 the owner of a health care business and a medical practice on
12 whose accounts the checks were drawn.  Defendant, through its
13 agent, had knowledge that the payees' names on the checks were
14 not the individuals actually receiving the cash.  Defendant,
15 through its agent, did not require that the individual presenting
16 the checks provide any identification or any identification
17 documents regarding either the payors or payees named on the
18 checks the individual presented.  Additionally, defendant,
19 through its agent, instructed the individual to write multiple
20 checks for amounts less than $10,000, but in the aggregate,
21 totaling more than $10,000 to facilitate the avoidance of AAA
22 Cash Advance's CTR reporting requirement.  In exchange for this
23 service, defendant charged a fee of 3%.  On August 12, 2010,
24 September 2, 2010, October 8, 2010, December 13, 2010, February
25 5, 2011, November 9, 2011, February 2, 2012, and February 13,
26 2012, defendant improperly failed to file CTRs on $100,420 worth
27 of checks that required CTRs.  Defendant received approximately
28 $3,012 (3%) from its violations.

7

1   Defendant accepted the individual's bundled checks and
2   deposited the checks into its bank accounts and in bank accounts
3   of other check cashing stores.  Several days later, defendant
4   returned currency in excess of $10,000 to the individual.  At no
5   time during this period did defendant file a CTR to document the
6   transactions in currency in amounts greater than $10,000 with the
7   customers on a single day.

8   Defendant was responsible for implementing an effective
9   anti-money laundering program.  Defendant knew that the BSA
10  required it to develop, implement, and maintain an effective
11  anti-money laundering program reasonably designed to prevent
12  defendant from being used to facilitate money laundering.
13  Defendant knew that the program was required to have, among other
14  things, procedures and controls governing the verification of
15  customer identification, the filing of reports such as CTRs, the
16  creation and retention of records, and other compliance with BSA
17  requirements. Despite this knowledge, the defendant failed to
18  have such a program and further failed to (a) obtain
19  identification from certain customers; and (b) file CTRs when
20  they were required.

21                        SENTENCING FACTORS

22        7.   Defendant understands that in determining defendant's
23  sentence the Court is required to calculate the applicable
24  Sentencing Guidelines range and to consider that range, possible
25  departures under the Sentencing Guidelines, and the other
26  sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant
27  understands that the Sentencing Guidelines are advisory only, and
28  that after considering the Sentencing Guidelines and the other

1  § 3553(a) factors, the Court will be free to exercise its

2  discretion to impose any sentence it finds appropriate up to the

3  maximum set by statute for the crimes of conviction.

4  <u>TOTAL OFFENSE LEVEL (NO ADDITIONAL ADJUSTMENTS TO BE SOUGHT)</u>

5       8.  Defendant and the Government agree to the following

6  applicable Sentencing Guidelines factors:

7       Base Offense Level  :     8    U.S.S.G. § 2S1.3(a)(1)

8       **Total Offense Level :     8**

9

10      Base fine:                8    U.S.S.G § 8C2.4(d) - $10,000

11      Base culpability:         5    U.S.S.G § 8C2.5(a)

12      Culpability
        reduction for acceptance
13      of responsibility:       -1    U.S.S.G § 8C2.5(g)(3)

14      Multiplier:                    .08-1.6 U.S.S.G § 8C2.6

15

16      **Total Fine Range   :   $    6,000 - 16,000**

17

18  Subject to paragraphs 10 and 18, defendant and the Government

19  agree not to seek, argue, or suggest in any way, either orally or

20  in writing, that any other specific offense characteristics, or

21  adjustments apply.

22      9.  Defendant understands that there is no agreement as to

23  defendant's criminal history or criminal history category.

24      10. The parties stipulate to a fine of $6,000, together with

25  disgorgement of $3,012 as referenced in paragraph 2(j). Defendant

26  reserves the right to argue inability to pay under U.S.S.G.

27  § 8C3.3(b).

28          <u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

11.   Defendant understands that by pleading guilty, defendant gives up the following rights:

      a) The right to persist in a plea of not guilty.

      b) The right to a speedy and public trial by jury.

      c) The right to be presumed innocent and to have the burden of proof placed on the Government to prove defendant guilty beyond a reasonable doubt.

      d) The right to confront and cross-examine witnesses against defendant.

      e) The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

      f) Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

12.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offense to which defendant is pleading guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

13.   Defendant agrees that, provided the Court imposes a total fine within the total fine range as referenced in paragraph 8, and disgorgement of no more than $3,012, defendant gives up the right to appeal any portion of the sentence.  The Government gives up its right to appeal any portion of the sentence.

14.   Defendant agrees that if, after entering a guilty plea

pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the Government will be relieved of all of its obligations under this agreement.

EFFECTIVE DATE OF AGREEMENT

15. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney or a Trial Attorney from the United States Department of Justice.

BREACH OF AGREEMENT

16. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an attorney for the Government, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the Government may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the Government to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the Government in writing. If the Government declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the Government will be relieved of all its obligations under this agreement.

COURT AND PROBATION OFFICE NOT PARTIES

1    17.   Defendant understands that the Court and the United
2  States Probation Office are not parties to this agreement and
3  need not accept any of the Government's sentencing
4  recommendations or the parties' agreements to facts or sentencing
5  factors.
6    18.   Defendant understands that both defendant and the
7  Government are free to: (a) supplement the facts by supplying
8  relevant information to the United States Probation Office and
9  the Court, (b) correct any and all factual misstatements relating
10 to the Court's Sentencing Guidelines calculations and
11 determination of sentence, and (c) argue on appeal and collateral
12 review that the Court's Sentencing Guidelines calculations and
13 the sentence it chooses to impose are not error, although each  ·
14 party agrees to maintain its view that the calculations in
15 paragraph 8 are consistent with the facts of this case.  While
16 this paragraph permits both the Government and defendant to
17 submit full and complete factual information to the United States
18 Probation Office and the Court, even if that factual information
19 may be viewed as inconsistent with the facts agreed to in this
20 agreement, this paragraph does not affect defendant's and the
21 Government's obligations not to contest the facts agreed to in
22 this agreement.
23    19.   Defendant understands that even if the Court ignores
24 any sentencing recommendation, finds facts or reaches conclusions
25 different from those agreed to, and/or imposes any sentence up to
26 the maximum established by statute, defendant cannot, for that
27 reason, withdraw defendant's guilty pleas, and defendant will
28 remain bound to fulfill all defendant's obligations under this

1  agreement.  Defendant understands that no one -- not the
2  prosecutor, defendant's attorney, or the Court -- can make a
3  binding prediction or promise regarding the sentence defendant
4  will receive, except that it will be within the statutory
5  maximum.

NO ADDITIONAL AGREEMENTS

7      20.  Defendant understands that, except as set forth herein,
8  there are no promises, understandings, or agreements between the
9  Government and defendant or defendant's attorney, and that no
10 additional promise, understanding, or agreement may be entered
11 into unless in a writing signed by all parties or on the record
12 in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

14     21.  The parties agree that this agreement will be
15 considered part of the record of defendant's guilty plea hearing
16 ///

13

1  as if the entire agreement had been read into the record of the

2  proceeding.

3  AGREED AND ACCEPTED

4  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF CALIFORNIA

5
   ANDRÉ BIROTTE JR.
6  United States Attorney

7  UNITED STATES DEPARTMENT OF JUSTICE
   CRIMINAL DIVISION

8
   JENNIFER SHASKY CALVERY, Chief
9  Asset Forfeiture and Money Laundering Section

10

11  _____        _____
    MATTHEW KLECKA                      Date
12  Trial Attorney
    U.S. Department of Justice
13  Criminal Division
    Asset Forfeiture and Money
14  Laundering Section

15

16  _____        _____
    DAVID KIRMAN                        Date
17  Assistant U.S. Attorney

18  _____           9/13/12
                                        _____
19  ELENA NOVAK                         Date
    Representative of Defendant
20  AAA Cash Advance, Inc.

21  _____           9/11/12
                                        _____
22  PAUL GABBERT                        Date
    Attorney for Defendant
23  AAA Cash Advance, Inc.

24

25

26

27

28

                          14

1 | as if the entire agreement had been read into the record of the

2 | proceeding.

3 | AGREED AND ACCEPTED

4 | UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

5 |
ANDRÉ BIROTTE JR.

6 | United States Attorney

7 | UNITED STATES DEPARTMENT OF JUSTICE
CRIMINAL DIVISION

8 |
JENNIFER SHASKY CALVERY, Chief

9 | Asset Forfeiture and Money Laundering Section

10 |

11 | _____          9/18/12
MATTHEW KLECKA                              Date

12 | Trial Attorney
U.S. Department of Justice

13 | Criminal Division
Asset Forfeiture and Money

14 | Laundering Section

15 |

16 | _____          9/18/12
DAVID KIRMAN                                Date

17 | Assistant U.S. Attorney

18 |

19 | _____          _____
PAUL GABBERT                                Date

20 | Representative of Defendant
AAA Cash Advance, Inc.

21 |

22 | _____          _____
PAUL GABBERT                                Date

23 | Attorney for Defendant
AAA Cash Advance, Inc.

24 |

25 |

26 |

27 |

28 |

14

1

2
<u>CERTIFICATION OF DEFENDANT</u>

3
    I, the undersigned, am an officer as stated below and have

4
authority to sign and bind AAA Cash Advance, Inc ("AAA").  On

5
behalf of AAA, I state the following.  I have read this agreement

6
in its entirety.  I, as well as other Board Members of AAA, have

7
had enough time to review and consider this agreement, and we

8
have carefully and thoroughly discussed every part of it with

9
AAA's attorney.  I understand the terms of this agreement, and

10
AAA voluntarily agree to those terms.  I have discussed the

11
evidence with my attorney, and counsel for AAA has advised AAA of

12
its rights, of possible pretrial motions that might be filed, of

13
possible defenses that might be asserted either prior to or at

14
trial, of the sentencing factors set forth in 18 U.S.C.

15
§ 3553(a), of relevant Sentencing Guidelines provisions, and of

16
the consequences of entering into this agreement.  No promises,

17
inducements, or representations of any kind have been made to me

18
or AAA other than those contained in this agreement.  No one has

19
threatened or forced me or AAA in any way to enter into this

20
agreement.  AAA and I are satisfied with the representation of

21
counsel in this matter, and AAA and I are pleading guilty because

22
we are guilty of this charge and wish to take advantage of the

23
promises set forth in this agreement, and not for any other

24
reason.

25
_____       _____

26
ELENA NOVAK                   Date  9/13/12
Representative of Defendant

27
AAA Cash Advance, Inc.

28

15

1  CERTIFICATION OF DEFENDANT'S ATTORNEY

2       I am AAA Cash Advance, Inc.'s attorney.  I have carefully

3  and thoroughly discussed every part of this agreement with my

4  client.  Further, I have fully advised my client of its rights,

5  of possible pretrial motions that might be filed, of possible

6  defenses that might be asserted either prior to or at trial, of

7  the sentencing factors set forth in 18 U.S.C. § 3553(a), of

8  relevant Sentencing Guidelines provisions, and of the

9  consequences of entering into this agreement.  To my knowledge:

10  no promises, inducements, or representations of any kind have

11  been made to my client other than those contained in this

12  agreement; no one has threatened or forced my client in any way

13  to enter into this agreement; my client's decision to enter into

14  this agreement is an informed and voluntary one; and the factual

15  basis set forth in this agreement is sufficient to support my

16  client's entry of a guilty plea pursuant to this agreement.

17

18

19  _____          _9/4/12_____

20  PAUL GABBERT                              Date
    Attorney for Defendant
21  AAA Cash Advance, Inc.

22

23

24

25

26

27

28

                                16